## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**TEREGINALD WALLACE**                                             **PETITIONER**


**VS.**                          **CASE NO. 4:19CV00370 JM/PSH**


**WENDY KELLEY, Director of the**
**Arkansas Department of Correction**                          **RESPONDENT**


### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.


### DISPOSITION

Tereginald Wallace ("Wallace"), an inmate in the custody of the Arkansas Department of Correction (ADC), filed  this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Following a 2002 jury trial in Pulaski County, Wallace was convicted of murder in the first degree and sentenced as an habitual offender to forty years' imprisonment. Wallace's direct appeal was unsuccessful. *Wallace v. State*, 2004 WL 1059787 (Ark. App., May 12, 2004). Wallace did not seek Rule 37 postconviction relief in state court but did file a petition for writ of error *coram nobis*, which was denied by the Arkansas Court of Appeals in September 2005. In 2005 Wallace sought federal habeas corpus relief, filing a petition with this Court in which he alleged two grounds for relief. *Wallace v. Norris*, Case No. 5:05CV00257. This case was dismissed with prejudice on October 15, 2008. Wallace then filed a notice of appeal and a motion for certificate of appealability with this

Court, which was denied on November 21, 2008.  Wallace also sought a certificate of appealability from the Eighth Circuit Court of Appeals, which denied the request on August 17, 2009.

In 2014, Wallace filed a successive petition for federal habeas corpus relief with this Court. *Wallace v. Hobbs*, Case No. 5:14CV00109.  In his petition, Wallace claimed to have only recently discovered that four witnesses gave false and/or misleading testimony at his trial, and that the prosecution failed to disclose exculpatory evidence.  The Court found that Wallace had not obtained permission from the Eighth Circuit Court of Appeals to file the second or successive petition, and that his claims of newly discovered evidence did not excuse his failure to obtain the authorization from the Appeals Court to file the petition.  As a result, the 2014 habeas corpus petition was dismissed without prejudice to allow Wallace to seek pre-authorization from the Eighth Circuit Court of Appeals to file a second petition.  On March 11, 2015, the Eighth Circuit Court of Appeals denied Wallace's application for a certificate of appealability.

The current petition and the amended petition, filed respectively on May 24 and June 12, 2019, advance four claims targeted at the 2002 Pulaski County conviction for murder in the first degree.  There is no showing that the petitioner has sought or received permission from the Eighth Circuit Court of Appeals to file the instant petition.  The respondent moves to dismiss the current petition for failing to seek or receive permission from the Eighth Circuit Court of Appeals to file a successive petition.  Docket entry no. 6.

28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The statutory language is clear that permission must be received before the filing of a successive petition with the district court.   As a result, this Court recommends that the petition and amended petition be dismissed without prejudice pending an order from the Eighth Circuit Court of Appeals containing

authorization for filing.[1]

 Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the undersigned recommends the certificate of appealability be denied.

 IT IS SO ORDERED this 22nd day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Wallace, citing *Bates v. Norris*, 2006 WL 3741925 (E.D. Ark.), contends that the equal protection clause requires this Court to transfer the case to the Eighth Circuit Court of Appeals rather than dismiss for want of jurisdiction. Docket entry nos. 8 & 10. The Court does not agree. Although the *Bates* case found transfer rather than dismissal was permissible, transfer is not mandatory and not necessarily the preferred option.